**JAMES et al. v. CITY OF SAPULPA et al.**

No. 13854—Opinion Filed June 26, 1923.

(Syllabus.)

**1. Municipal Corporations—Assessments for Street Improvements—Costs of Curbing.**

A resolution providing for the grading, draining, guttering, and chatting of streets authorizes the construction of a curb where the testimony conclusively shows that the curbing really formed a part of the gutter, and such resolution was sufficient to give the municipality jurisdiction to proceed with the improvement and to make the assessment against the abutting property to pay for same, including the cost of the curbing.

**2. Same — Mere Irregularities—Limitation of Actions.**

Failure to properly publish the notice to contractors for bids and irregularities in the appraisement of the property did not go to the jurisdiction of the municipality to make the improvement, and, suit not having been filed within 60 days after the passage of the ordinance making the final assessment, such irregularities will not be considered.

**3. Same—Exclusion of Evidence.**

Where suit is not brought for more than 60 days after the passage of the ordinance making the final assessment for such improvements, the court properly excluded evidence offered for the purpose of showing that the improvements made were of no benefit to the property of the plaintiffs.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Injunction by S. L. James and others against the City of Tulsa and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

R. Shaha and J. H. N. Cobb, for plaintiffs in error.

LeRoy J. Burt, Robt. L. Keenan, and F. E. Murrell, for defendants in error.

COCHRAN, J. This action was commenced by the plaintiffs in error to procure an injunction against the defendants in error from enforcing an assessment for certain paving improvements in the city of Sapulpa. Upon a trial in the district court, judgment was rendered for the defendants in error, and plaintiffs in error have appealed. The parties will hereinafter be referred to as plaintiffs and defendants, as they appeared in the trial court.

The plaintiffs attack the jurisdiction of the municipality to make the improvements because of the alleged insufficiency of the resolution for paving. The statute under which the improvement was made was section 723 et seq., Sny. Comp. Laws 1909, and the applicable portion provides:

"When the mayor and council shall deem it necessary to grade, pave, macadamize, gutter, curb, drain or otherwise improve any street, avenue, alley or lane, or any part thereof, within the limits of the city for which a special tax is to be levied as herein provided, said mayor and council shall, by resolution, declare such work or improvement necessary to be done. * * *"

The paving resolution passed by the city of Sapulpa provided for "grading, draining, guttering, and chatting" the streets, but did not provide for "curbing," and it is insisted that under the holding of this court in Arnold v. City of Tulsa, 38 Okla. 129, 132 Pac. 669, the resolution was not sufficient to cover curbing for the streets, and that the assessment for the cost thereof is illegal and renders the entire assessment void. The finding of the trial court on this question was as follows:

"The court holds it to be a matter of common knowledge in the city of Sapulpa that in all concrete paving in the city the curb and gutter are one piece, and the court is unable to see how there could be a gutter without some sort of curb, and that the omission of the word 'curb' in the second resolution is immaterial, for the reason that the word 'gutter,' in the opinion of the court, covers both curb and gutter and was sufficiently definite to advise the property owners of the character of the improvements contemplated. I shall hold, as a matter of law, that it is immaterial whether the word 'curbing' appeared in there or not—that it is sufficient to use the word 'guttering.'"

The testimony in the case supports this finding of the trial court, and it conclusively appears that the curbing really formed a part of the gutter; such being true, the case of Arnold v. City of Tulsa, supra, in which the cost of drainage work was not included in the resolution for the paving of the street,

has no application, neither has the holding in Mason v. City of Sioux Falls (S. D.) 51 N. W. 770, where the resolution provided for grading the street and the cost of the curb was included in the assessment. The facts in the instant case bring it within the rule announced in Phoenixville Borough v. Miller, 34 Pa Sup. Ct. 16, as follows:

"What constitutes the pavement of a gutter is a question of fact, and evidence was offered at the trial to show that the usual and customary way of paving a gutter in this borough was with a curb and paving, and that the curb was a proper and fit part of such paving."

Further in this opinion, the court said:

"It was held in Schenley v. Com., 36 Pa. 29, that the power to pave included the power to furnish and do all that is necessary, usual or fit for paving, and that whether a curbstone was usually included in paving was a question of fact."

In McNamara v. Estes, 22 Iowa, 246, it was held that an assessment could be made for "trimming, curbing, and guttering" under an act which granted the municipality "power to levy and collect a special tax on the lot or lots of the owner or owners thereof or any street or any part thereof within the city according to their respective fronts for the purpose of paving, planking, and macadamizing the streets."

The trial court having found that the curbing really formed a part of the gutter, we are of the opinion that the resolution was sufficient to give the municipality jurisdiction to make the improvement including the curbing.

Plaintiffs contend that the evidence shows that the notice to contractors for bids, which should have been published from July 25th to August 5th, inclusive, was not published on August 1st, and also complain that the trial court erred in refusing to permit proofs that the improvements were of no benefit to the property of the plaintiffs; that the pavement was worthless, and was really a detriment to the property instead of a benefit; and also that the property was not properly appraised. These matters were irregularities which did not go to the jurisdiction of the municipality to make the improvement, and, suit not having been filed within 60 days after the passage of the ordinance making the final assessment for such improvements, such irregularities could not be urged to invalidate the assessments. Section 4635, Comp. Stat. 1921.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, HARRISON, and MASON, JJ., concur.